BEFORE THE FIRST DIVISION, FEBRUARY 14, 1961

**No. 65155.**—B. Shackman & Co., Inc. *v.* United States, protests 319419–K, etc. (New York).

OLIVER, Chief Judge: These protests are limited to the merchandise described on the invoices as "Dutch Girl Tea Set" or "Dutch Girl Tea Sets" and identified as item 3419. Duty was levied thereon at the rate of 35 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified, for toys, not specially provided for. Plaintiff claims that the articles are not toys, but that they are properly classifiable as manufactures of wood, not specially provided for, under paragraph 412 of the Tariff Act of 1930, as modified, with a duty assessment of 16⅔ per centum ad valorem.

To support its claim, plaintiff, importer of novelties, introduced the testimony of one witness and a sample of the merchandise in question. Defendant offered no evidence.

Plaintiff's witness was one of its salesmen, employed as such for 13 years. He stated that he sold the item in question all over the United States to gift shops, souvenir and candy outlets, and, to some extent, to toy people who accounted for only about 20 per centum of the total sales. His testimony, on the matter of use, is to the effect that the merchandise is used on knickknack shelves in the kitchens of homes, where it was displayed as a novelty or an ornament, and that it is never used by children.

Vitally important in determining the classification of the present merchandise is the sample (plaintiff's collective illustrative exhibit 1). Accordingly, a detailed description thereof is pertinent. Samples are potent witnesses. *United States* v. *The Halle Bros.*, 20 C.C.P.A. (Customs) 219, T.D. 45995, and *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353. T.D. 43090.

In its condition as imported, the article in question appears as a rather crude representation of a Dutch girl made from a hollow cylinder of wood, which is appropriately colored. The figure is 4¼ inches high and 1½ inches in diameter at the base, which consists of a round, removable wooden plug. The arms of the Dutch girl are in the form of bowling pins, hanging upside down and secured to the sides of the figure. The wooden base plug has three small wooden pins fastened to the inner side which serve as legs of a table formed by the plug when it is removed from the figure and placed pins down. Loosely contained inside the figure is a tiny tea set. When the imported merchandise in its entirety is displayed, it consists of the wooden figure of a Dutch girl, standing alongside a miniature table on the top of which are a tiny teapot and two cups and saucers in proportion.

The article in question is obviously a novelty. It is not something to be used for the amusement of children. It is designed to remain stationary and makes no noise. It is definitely an item intended for display purposes and is entirely too fragile for use as a plaything for children.

The case of *B. Shackman & Co. et al.* v. *United States*, 28 Cust. Ct. 298, C.D. 1426, cited by defendant, is distinguishable. There, the issue was whether certain chinaware miniature tea sets were properly classifiable as decorated chinaware, as assessed by the collector, or as toys, as claimed by the importer. The court's conclusion, holding the articles to be toys, was based on a finding that "the miniature tea sets in question are used chiefly for the amusement of children at their play or in their doll houses." No comparable factual foundation is before us in this case. On the contrary, plaintiff's uncontradicted evidence—oral testimony, coupled with the sample (collective illustrative exhibit 1, *supra*)—is sufficient to establish, *prima facie* at least, that the article under consideration is not a toy within the statutory definition of the term in paragraph 1513 of the Tariff Act of 1930, as classified by the collector. Since it is conceded that the present merchandise is in chief value of wood, it is, therefore, properly classifiable as a manufacture thereof.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the merchandise in question, described on the invoices either as "Dutch Girl Tea Set" or "Dutch Girl Tea Sets" and identified as item 3419, to be dutiable at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified, for manufactures of wood, not specially provided for, as claimed by plaintiff.

To the extent indicated, the protests are sustained and judgment will be rendered accordingly.